UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD GEORGE CARTER,

    Plaintiff,

v.                                             Case No. 11-15322

CITY OF DETROIT, et al.,

    Defendants.
                                              /

**ORDER GRANTING CITY OF DETROIT POLICE DEPARTMENT'S
MOTION TO DISMISS AND AWARDING ATTORNEY'S FEES**

Plaintiff Edward Carter initiated the above-captioned matter on December 5, 2011, alleging that Defendants, *inter alia*, violated his constitutional rights by failing to disclose exculpatory evidence prior to his 1975 trial for sodomy, assault with intent to commit gross indecency, and armed robbery. In lieu of filing an answer, and after seeking but not receiving concurrence from Plaintiff pursuant to Local Rule 7.1, on January 11, 2012, Defendant City of Detroit Police Department (the "Police Department") filed a motion to dismiss in which it argues that, as a department created by the City of Detroit, it is not a legal entity against which a lawsuit may be maintained. Despite refusing to concur in the motion, Plaintiff appears to have ignored the motion, and failed to file a response of any kind. After reviewing the motion, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the court will grant the Police Department's motion and, pursuant to Local Rule 7.1(a)(3), award reasonable attorney's fees associated with prosecuting this motion.

It is a firmly established and well-known principle that a "police department [in Michigan] is not a legal entity against wh[ich] a suit can be directed" because, under

Mich. Comp. Laws § 92.1, it is merely a creature of the city that created it.  *Haverstick v. Fin. Fed. Credit Union*, 893 F. Supp. 1251, 1256 (E.D. Mich. 1992) (citing *Moomey v. City of Holland*, 490 F. Supp. 188 (W.D. Mich. 1980); *see also Pierztnowski v. Police Dep't Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996) ("The City of Detroit Police Department is not a legal entity against which a suit can be directed.  Rather, the City of Detroit Police Department is merely a creature of the City of Detroit and therefore the City of Detroit is the proper defendant in this case." (citations omitted)).  Plaintiff's claims against the Police Department are therefore subject to summary dismissal.  *Haverstick*, 893 F. Supp. at 1256; *Day v. Colbry*, No. 13-856, 2010 WL 4272699, at *4 (E.D. Mich. Oct. 13, 2010).  In addition to dismissing with prejudice all claims asserted against the Police Department, the court will also impose a compensatory sanction on Plaintiff in the form of attorney's fees for wrongfully withholding consent to the relief sought in the motion.  Under Local Rule 7.1(a)(3), the court may exercise its discretionary authority and tax costs against a non-moving party who unreasonably—i.e., wrongfully—withholds consent.  Here, despite the clear, unequivocal, and abundant legal authority supporting the Police Department's motion, Plaintiff refused to concur in the motion and then failed to file a responsive brief.  Plaintiff's inaction required the City of Detroit Law Department to devote increasingly scarce public resources to prosecute this motion, the result of which could have been achieved by submitting to the court a short stipulation signed by the parties.  On these facts, the court concludes that Plaintiff's withholding of consent was unreasonable.  Accordingly,

    IT IS ORDERED that Defendant City of Detroit Police Department's motion to dismiss [Dkt. # 5] is GRANTED.

IT IS FURTHER ORDERED that Defendant City of Detroit Police Department's request for an award of reasonable attorney's fees, contained within its motion to dismiss, is GRANTED.  The Police Department is DIRECTED to submit an itemization of attorney's fees and reasonably detailed supporting documentation in accordance with this order, within **fourteen calendar days of the date of this order**.  Should Plaintiff wish to submit objections to the Police Department's itemization of attorney's fees, he must do so withing **seven calendar days of Defendants' submission**.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 22, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 22, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522