**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDWARD GEORGE CARTER,

    Plaintiff,

v.                                                                         Case No. 11-15322

CITY OF DETROIT, et al.,

    Defendants.

                                                                    /

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

Now before the court is Plaintiff Edward George Carter's Motion to Reopen Discovery for the Limited Purpose of Deposing Defendants Steven Dest and Russell Morgan. (Dkt. # 53.) This matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, Plaintiff's motion will be denied.

**I. BACKGROUND**

**A. Procedural Background**

On December 5, 2011, Plaintiff Edward George Carter initiated the instant action alleging, *inter alia*, that Defendants violated Plaintiff's constitutional rights by failing to disclose exculpatory evidence prior to his 1975 trial for sodomy, assault with intent to commit gross indecency, and armed robbery. (Dkt. # 1.) The court originally set the discovery deadline for April 23, 2013, and then later extended it for an additional thirty days to May 23, 2013. (Dkt. # 41, Pg. ID 215.) Defendants filed a Motion for Summary Judgment on June 6, 2013 (Dkt. # 43), and Plaintiff filed a timely response. (Dkt. # 45.)

On July 18, 2013, the City of Detroit petitioned for protection under Chapter 9 of the Bankruptcy Code. Judge Steven Rhodes then entered an order confirming the automatic stay of all proceedings against the City imposed under § 922 of the

Bankruptcy Code upon the filing of the petition.  Thereafter, the court stayed the proceedings of this case, and administratively closed the case before resolving the motion for summary judgment.  (Dkt. # 47.)

The court lifted the stay and reopened the case on April 24, 2015. (Dkt. # 51.) The court also granted Plaintiff permission to file the instant motion seeking to reopen discovery for the limited purpose of deposing Dest and Morgan.

### B. Plaintiff's Discovery Efforts

Plaintiff's counsel and Defendants' counsel exchanged a series of email correspondences regarding scheduling depositions of Defendants.  (Dkt. # 53-2, Pg. ID 392-95.)  Included in the correspondences are multiple requests by Plaintiff's counsel to schedule depositions of Defendants.  On January 30, 2013 and May 1, 2013, Plaintiff's counsel requested that Defendants' counsel provide possible dates for depositions of Defendants, and Plaintiff's counsel further inquired when Defendants would be available for depositions on March 6, 2013.  (*Id.*)  Plaintiff reports that he made additional oral requests for depositions, through his counsel, but no dates were ever proffered.  (Dkt. # 53, Pg. ID 384.)

There is no record of Plaintiff proposing any dates for the depositions, sending any deposition notices, filing any motions to extend the discovery deadline, or filing any motions to compel discovery before the May 23, 2013 discovery deadline.  Plaintiff appears to have first requested that the court alter the discovery schedule to permit Plaintiff to take depositions in his June 27, 2013 Response to Defendants' Motion for Summary Judgment.  (Dkt. # 45, Pg. ID 291.)

### II. STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).  The Sixth Circuit has identified a number of factors for a court to consider when determining whether to modify a discovery schedule, including "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests." *Id.* (quoting *Bentowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011).  However, the Sixth Circuit emphasized that "[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.* (*Bentkowski*, 637 F.3d at 696); *see also Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.  Another relevant consideration is possible prejudice to the party opposing the modification.").

Thus, the court's primary inquiry in determining whether there is good cause to justify reopening discovery for the purpose of deposing Dest and Morgan will be whether Plaintiff diligently attempted to depose them during the discovery period or whether Plaintiff's failure to conduct such depositions prior to March 23, 2013 was caused by Plaintiff's dilatoriness.

### III. DISCUSSION

3

Plaintiff has failed to demonstrate good cause to warrant reopening discovery. He was not diligent in pursuing the deposition of Dest and Morgan during the allotted discovery period, nor has Plaintiff provided a justification for his failure to adequately pursue timely discover.

While Plaintiff sent emails requesting that Defendants be made available for depositions, he never sent a Rule 30(b)(1) deposition notice stating the time and place of deposition.  *See* Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.").  Moreover, Plaintiff did not move for an order compelling the requested depositions.  If a defendant fails to comply with deposition requests, the plaintiff "may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1).  Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Additionally, Plaintiff did not file a motion to extend the discovery deadline after learning that he would be unable to depose Dest and Morgan prior to the discovery deadline.

Plaintiff's email communications with Defendants do not provide the court with a sufficient basis to conclude that Plaintiff diligently pursued discovery.  Plaintiff's counsel did not propose dates for Dest's and Morgan's depositions, send deposition notices for the depositions, or file any motions to compel discovery or to extend the discovery deadline prior to the May 23, 2013 discovery deadline.  Because Plaintiff's counsel did

4

not take reasonable efforts to obtain the requested depositions during the discovery period, the court concludes that no good cause exists to warrant modifying the scheduling order, pursuant to Rule 16(b)(4), in order to provide Plaintiff with an opportunity to dispose Dest and Morgan.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff Edward George Carter's Motion to Reopen Discovery for the Limited Purpose of Deposing Defendants Steven Dest and Russell Morgan (Dkt. # 53) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 12, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522